CARL JONES, Plaintiff-Appellant, *v.* THE CIVIL SERVICE COMMISSION OF ALTON *et al.*, Defendants-Appellees.

Fifth District   No. 79-7

Opinion filed December 27, 1979.—Rehearing denied January 23, 1980.

David M. Fahrenkamp and A. Robert Kassin, both of Land of Lincoln Legal Assistance Foundation, Inc., of Alton, for appellant.

Theodore E. Diaz, of Alton, for appellees.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Carl Jones, appeals from the order of the Madison County Circuit Court affirming the order of the Alton Civil Service Commission discharging plaintiff from the Alton Police Department for retail theft.

On December 16, 1977, Carl Jones, while off duty, was observed by two store security guards inside an Alton department store placing a video cassette tape down the front of his trousers. When he was later apprehended by the security guards in the parking lot, he admitted that he removed the cassette from the store without paying for it but claimed he did so inadvertently. On December 29, 1977, a complaint for discharge of plaintiff was filed with the Alton Civil Service Commission by the Alton chief of

police, Rudy Sowders. The complaint alleged that plaintiff's conduct on December 16, 1977, violated Rules 300.02, 300.04 and 300.24 of the rules and regulations of the Alton Police Department and Rules 13.1 —1(a), (h), (l) and (m) of the rules of the civil service commission of the city of Alton, Illinois.

A hearing on the complaint was held on February 2 and 3, 1978, pursuant to Rule 13.8 of the rules of the Alton Civil Service Commission. During the hearing Jones attempted to establish that he, as a black police officer, was receiving disparate treatment. Plaintiff asked Chief Sowders whether he was aware of any other instances during Sowders' tenure with the police department where an officer had been charged with a crime. Chief Sowders' objection on the grounds of relevance and materiality was sustained. The plaintiff made an offer of proof indicating that in two separate incidents involving white police officers, the only punishment given one officer accused of stealing 15 gallons of gasoline was a 30-day suspension while another officer charged with removing police records received a 20-day suspension. At the conclusion of the hearing the commission found that plaintiff had violated the sections of the police department rules and regulations and the civil service rules and regulations specified in the complaint for discharge. The commission ordered plaintiff discharged from the classified position of police officer with the city of Alton.

Plaintiff subsequently filed a complaint for administrative review in the Circuit Court of Madison County. The circuit court affirmed the ruling of the civil service commission with regard to the proffered evidence, finding the evidence regarding past disciplinary measures taken by Chief Sowders against white police officers to be "clearly irrelevant."

■■ The first issue on appeal is whether the civil service commission properly refused to admit the evidence proffered to demonstrate discriminatory treatment in plaintiff's case. Plaintiff argues that his punishment of discharge from the police force was too severe in light of the punishment meted out to white police officers for similar offenses. Plaintiff, in his offer of proof, did not indicate that he was in a position to produce evidence establishing that white police officers received more lenient treatment in the face of established guilt. Rather, plaintiff offered an unsubstantiated conclusion that criminal conduct on the part of white police officers resulted in the imposition of apparently minimal disciplinary sanctions. Moreover, as the commission correctly stated at the hearing, the actions of the department head are not binding upon it, and the commission may reach its own decision on the merits of the case.

The issues before the commission and before the court on review are, first, whether the evidence supports a finding that the person charged with the offense did in fact commit the offense and, second, if the person did commit the offense, does that fact constitute sufficient cause for discharge. *Fox v. Illinois Civil Service Com.* (1978), 66 Ill. App. 3d 381, 383 N.E.2d 1201.

It is fundamental that the findings of the commission will not be overturned unless they are contrary to the manifest weight of the evidence. *Nolting v. Civil Service Com.* (1955), 7 Ill. App. 2d 147, 129 N.E.2d 236.

There was sufficient evidence in the record in the instant case for the commission to find that the plaintiff had committed the offense of retail theft. It was undisputed that plaintiff left the store without paying for the video cassette tape, and the commission found that the failure to pay was not inadvertent as plaintiff claimed.

■█ The commission also found that retail theft constituted sufficient cause for discharge. "Cause" is defined as some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service. (*Epstein v. Civil Service Com.* (1977), 47 Ill. App. 3d 81, 361 N.E.2d 782; *Nolting v. Civil Service Com.*) This court cannot assume the function of a super-commission in reviewing the punishment imposed (*Nolting v. Civil Service Com.*); and in order to reach the conclusion that a particular finding is against the manifest weight of the evidence, the opposite conclusion must be clearly evident. (*Epstein v. Civil Service Com.*) We adopt the court's further statement in *Epstein* that the commission, rather than the judiciary, is better able to determine the effect the employee's conduct will have on the proper operation of his department.

■█ The evidence in the instant case is sufficient to establish that plaintiff committed the offense and that it constituted sufficient cause for discharge. It is apparent that a police officer who does not abide by the laws that he has a duty to enforce will impair the discipline and efficiency of the police force. Sufficient cause for plaintiff's discharge exists regardless of whether other officers had received different treatment. See *McCaffery v. Civil Service Board* (1955), 7 Ill. App. 2d 164, 129 N.E.2d 257; *Strobeck v. Illinois Civil Service Com.* (1979), 70 Ill. App. 3d 772, 388 N.E.2d 912.

Plaintiff cites *McDonald v. Santa Fe Trail Transportation Co.* (1976), 427 U.S. 273, 49 L. Ed. 2d 493, 96 S. Ct. 2574, and *McDonnell Douglas Corp. v. Green* (1978), 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817, to support his contention that the proffered evidence was relevant and admissible. These cases were brought under title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.* (1976)), and, consequently, we find that they are distinguishable from and inapplicable to the instant situation.

The final issue raised by the plaintiff is whether the trial court erred in finding that Rules 1.1 and 1.2b of the civil service commission, relied upon by plaintiff in his motion for reconsideration, could not be raised on review because they were not presented before the commission. It is unnecessary for us to consider this issue for the reason that the record indicates that plaintiff was afforded a uniform, fair and impartial hearing before the commission in accordance with Rules 1.1 and 1.2b of the civil service rules and regulations requiring uniform procedures for handling personnel.

For the foregoing reasons, the order of the Circuit Court of Madison County is affirmed.

Affirmed.

JONES, P. J., and KARNS, J., concur.