Ronald ROODING, individually and on behalf of all other persons similarly situated, Plaintiff,

v.

Howard PETERS III, Director, Illinois Department of Corrections, in his individual capacity, and the Illinois Department of Corrections, Defendants.

No. 94 C 1070.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 19, 1995.

Opinion Denying Motion to Vacate
March 8, 1995.

Mark Philip Cohen, Mark K. Schoenfield, Schoenberg, Fisher & Newman, Ltd., Chica-

go, IL, Ira T. Kaufman, Buffalo Grove, IL, for plaintiff.

Andrew Neal Levine, Iain D. Johnston, Ill. Atty. General's Office, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff brings this action against defendants Howard Peters III ("Peters") in his individual capacity and the Illinois Department of Corrections ("IDOC"), alleging violations of plaintiff's due process and equal protection rights under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. Before the Court is defendants' motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). For the reasons stated below, the Court grants defendants' motion and dismisses plaintiff's complaint with prejudice.

### Facts [1]

On December 17, 1993, plaintiff filed a petition against Peters in the Circuit Court of Cook County ("Circuit Court"), for habeas corpus relief or a writ of mandamus "seeking release on the grounds that he was being imprisoned in violation of his constitutional rights to due process and equal protection of the laws." On December 22, 1993, the Circuit Court issued a writ of mandamus "directing that plaintiff be released because his constitutional right to equal protection of the laws was being violated."

On February 22, 1994, plaintiff filed this civil rights action seeking damages under § 1983 for the violation of his rights as previously found in his state court mandamus action.[2] Defendants filed a motion to dismiss the complaint. In response to defendants' motion to dismiss, plaintiff argued that defendants were collaterally estopped from relitigating the claims in this case. This court denied defendants' motion, ruling that collat-

eral estoppel applied in this case: "Rooding's request for a different remedy does not change the fact that the legal issue here is the same issue that was resolved in Rooding's favor in state court." *Rooding v. Peters*, 864 F.Supp. at 736. Defendants then filed the instant motion for judgment on the pleadings.

### Discussion

▮ A Rule 12(c) motion is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir., 1993). The motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief, and that the movant is entitled to judgment as a matter of law. *Id., National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir., 1987). The court considers only the matters presented in the pleadings and must view the facts in the light most favorable to the non-moving party. *National Fidelity Life Ins.*, 811 F.2d at 358.

Defendants argue that plaintiff is barred under the doctrine of res judicata from asserting his § 1983 damages claim in federal court because he could have and should have sought damages in the Circuit Court of Cook County when he filed his mandamus petition. "Federal courts are required to give state court judgments the same preclusive effect that judgments would be given in the courts of the state from which they emerged if: (1) under the law of the forum state the claim would be barred by res judicata; and (2) the party against whom the earlier decision is asserted as a bar had a full and fair opportunity to litigate the claim or issue." *Lolling v. Patterson*, 966 F.2d 230, 235 (7th Cir., 1992); 28 U.S.C. § 1738.

▮ The court must first look to Illinois state law to determine whether res judicata applies. Under the doctrine of res judicata,

---

**1.** The complete statement of the facts of this case is stated in the opinion on defendants' motion to dismiss. *Rooding v. Peters*, 864 F.Supp. 732 (N.D.Ill., 1994). The facts in this opinion include only those facts that are relevant to this motion.

**2.** This case was filed as a putative class action. In its previous ruling, the Court held that the class could not include prisoners, and declined to certify the remaining class at that time. *Rooding*, 864 F.Supp. at 740.

a final judgment rendered on the merits is conclusive as to the rights of the parties and constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill.2d 484, 490, 193 Ill.Dec. 192, 195, 626 N.E.2d 225, 228 (1993); *Koen v. City of Cairo*, 909 F.2d 992, 999 (7th Cir., 1990) (under Illinois law, res judicata bars a plaintiff's subsequent § 1983 claim because he could have joined it with his mandamus claim in state court). Illinois applies the "same evidence" test to determine whether res judicata applies: whether the evidence needed to sustain the second action would have sustained the first. *Torcasso*, 157 Ill.2d at 491, 193 Ill.Dec. at 195, 626 N.E.2d at 228. Illinois also applies an alternative "transactional" test: the two suits constitute the same cause of action if they "both arise out of the same transaction, incident, or factual situation." *Koen*, 909 F.2d at 998. The Seventh Circuit explained the importance and effects of the doctrine of res judicata in *Wozniak v. County of DuPage*, 845 F.2d 677, 681 (7th Cir., 1988):

> The principle that res judicata extends to all matters within the purview of the original action, whether or not they were actually raised, is tantamount to a rule requiring parties to consolidate all closely related matters into one suit. As such, the principle serves well the interest of judicial economy, and thus it is at the core of the res judicata doctrine. Two corollaries of that principle are also of fundamental importance to Illinois's res judicata doctrine. First is the rule that a party may not maintain two suits based on the same set of facts by the simple expediency of limiting the theories of recovery advanced in the first. The second rule is that a party may not maintain two suits based on the same set of facts simply by altering the claim for relief from one suit to the next. [citations omitted]

In the instant case, this court previously applied Illinois law and denied defendants' motion to dismiss, ruling that the legal issue in plaintiff's § 1983 action is the same issue that was resolved in Rooding's favor in state court. *Rooding*, 864 F.Supp. at 736. Defendants now seek to apply this reasoning offensively, arguing that the court's conclusion compels dismissal because plaintiff could have and should have raised the issue of damages in the state court mandamus proceedings.

Plaintiff counters that res judicata should not be applied, claiming his § 1983 action is not the same "cause of action" because "in order to prevail in his § 1983 action, Rooding also must establish that the evidence demonstrates that Peters is not entitled to qualified immunity." Plaintiff concedes that the claim in his state mandamus action, the violation of his constitutional right to equal protection, is similar enough to collaterally estop defendants from relitigating that issue in his § 1983 action. Plaintiff cites *Jones v. City of Alton*, 757 F.2d 878 (7th Cir., 1985), to support his theory that he did not have a "full and fair opportunity to litigate the issue" in his mandamus action.

The plaintiff in *Jones*, a black police officer, was fired from his position. The plaintiff attempted and was prohibited from introducing evidence of disparate treatment in the administrative review of his discharge. *Jones*, 757 F.2d at 880. In the state court appeal of his administrative action, the Illinois Appellate Court defined the "issues" that were before both the hearing board and that court as: (1) whether the evidence supported a finding that Jones did in fact commit the offense for which he was allegedly discharged; and (2) whether the commission of that offense constituted sufficient cause for discharge. *Jones v. Civil Service Commission of Alton*, 80 Ill.App.3d 74, 75, 35 Ill.Dec. 422, 424, 399 N.E.2d 256, 258 (Ill.App. 5 Dist., 1979). When the plaintiff later filed a federal action under Title VII and § 1983, the district court dismissed his complaint because the action was barred by collateral estoppel and res judicata. *Jones*, 757 F.2d at 883. Reversing, the Seventh Circuit ruled that res judicata did not apply because Jones had attempted and was specifically denied a "full and fair opportunity to litigate" whether he had been discriminated against because of his race. *Id.*, at 886.

The instant case is distinguishable from *Jones* for many reasons. First, plaintiff had

a full hearing on the merits of his· constitutional deprivation claims in his state mandamus action. Second, there are no allegations that plaintiff was prohibited from introducing any evidence in his state action. · And most importantly, both of plaintiff's suits involve the same legal theories. In *Jones,* the first hearing dealt with the defendant's conduct and whether it constituted just cause for dismissal, while the subsequent federal case concerned the actions of the employer· and whether those actions constituted racial discrimination. In the instant case, plaintiff must prove in both his state and federal actions that defendants' conduct violated his constitutional right to equal protection of the law.

■ The state court rendered final judgment in the mandamus action on the merits of plaintiff's claim that defendants violated his constitutional rights. Thus, the "same evidence" needed to sustain the instant case would have sustained the mandamus case. Therefore, the court finds that res judicata applies to plaintiff's § 1983 action. *Torcasso,* 157 Ill.2d at 490; *Koen,* 909 F.2d at 999.

The Court next looks to Illinois law to determine the effect of the Circuit Court's judgment. In *Torcasso,* the Illinois Supreme Court ruled that, "[w]here there is identity of parties, subject matter, and cause of action, the doctrine of res judicata extends not only to every matter that was actually determined in the prior suit but to every other matter that might have been raised and determined in it." 157 Ill.2d at 490; *Koen,* 909 F.2d at 999 (under Illinois res judicata law, a party may not maintain two suits based on the same facts by simply altering the claim for relief).

■ Plaintiff argues that damages were not available to him in his mandamus action because the amount of damages is not a "fixed sum." Under Illinois law, a prevailing plaintiff in a mandamus action is entitled to recover both damages and costs.[3] This circuit has applied res judicata to § 1983 actions even where the original mandamus ac-

tion did not define a specific amount for damages. *Wozniak,* 845 F.2d at 681–682 (res judicata applied to prevailing mandamus plaintiffs' subsequent § 1983 action alleging damages resulting from the defendants' abuse of discretion in refusing to issue an excavation and fill permit).

In *Wozniak,* the plaintiffs did not bring a § 1983 claim or seek damages in his state court mandamus actión. *Id.,* 845 F.2d at 679. After prevailing in the state mandamus action, the plaintiffs filed a § 1983 in federal court. The plaintiffs 'sought to avoid the application of res judicata, arguing that the state mandamus action and the federal suit involved "different causes of action." *Id,* at 680. The court held that "by failing to allege every claim for relief in their cause of action that the state court had authority to consider, the Wozniaks have split their claim; hence, any attempt to relitigate the propriety of the County's actions is vulnerable to a defense of res judicata." *Id,* at 681–682. The court dismissed plaintiffs' claim and ruled that under Illinois law the Wozniaks not only could have,· but should have joined their damage claim under § 1983 with their mandamus action in state court. *Id.*

Plaintiff further argues that as a prisoner, he would not have been entitled to money damages in his state habeas action. Plaintiff ·cites to this court's ruling on August 17, 1994, holding that plaintiff would not be able to include incarcerated persons in his class action damages claim.[4] *Rooding,* 864 F.Supp. at 740. Plaintiff misinterprets the court's earlier ruling. The court ruled that prisoners could not be included in plaintiff's § 1983 damages action because his claim requires a conclusion that the duration of confinement was improper. Because this conclusion would compel release of any prisoners included in the claim, it could not be made in a § 1983 action. *Id.;* citing *Preiser v. Rodriguez,* 411 U.S. 475, 488–490, 93 S.Ct. 1827, 1835–1836, 36 L.Ed.2d 439 (1973).

---

**3.** 735 ILCS 5/14–105 provides:

If judgment is entered in favor of the plaintiff, the plaintiff shall recover damages and costs.

If judgment is entered in favor of the defendant, the defendant shall recover costs.

**4.** See footnote 2 above.

Plaintiff's argument fails because he did comply with the ruling in *Preiser* by attacking the duration of his confinement in the habeas corpus and mandamus action in state court. Under *Preiser*, plaintiff could not have attempted to attack the validity of his confinement and attempted to obtain his release in federal court by bringing a § 1983 claim. However, plaintiff could have and should have petitioned the state court that the duration of his confinement was improper under his habeas corpus and mandamus actions, and joined his § 1983 damage claim or sought damages under 735 ILCS 5/14–105. *Koen*, 909 F.2d at 999; *Wozniak v. County of DuPage*, 845 F.2d 677, 681 (7th Cir., 1988).

## Conclusion

For the reasons stated above, the Court finds that res judicata applies and therefore estops plaintiff from asserting his § 1983 federal action. Accordingly, because defendants are entitled to judgment as a matter of law, the Court grants defendants' motion for judgment on the pleadings.

## *MEMORANDUM OPINION AND ORDER ON MOTION TO VACATE*

Plaintiff has filed a motion to vacate this Court's memorandum opinion and order dated January 18, 1995, pursuant to Fed. R.Civ.P. 59(e). Plaintiff argues that because the Supreme Court has held that a § 1983 action must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," and that a "§ 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated,"[1] plaintiff could not have brought his § 1983 claim in his state mandamus action. Plaintiff also claims that *Beaver Glass and Mirror Co. v. Board of Education of Rockford School District No. 205*, 59 Ill.App.3d 880, 17 Ill.Dec. 378, 376 N.E.2d 377 (2d Dist. 1978), stands for the proposition that Illinois law requires that a petitioner in a mandamus action who has asked for money damages must plead a fixed sum, rather than an unas-

certained amount, in order to seek such relief. Because plaintiff's damages were not fixed or ascertained at the time he filed his state mandamus action, plaintiff argues, he could not have sought damages in that action.

While plaintiff argues that the Supreme Court's opinion in *Heck* precludes plaintiff from having joined a § 1983 claim with his mandamus action, the court finds that *Heck* is inapplicable to the instant case. In *Heck*, the plaintiff filed a § 1983 claim in federal court while his appeal from his criminal conviction was still pending in state court. The Court held that a plaintiff cannot bring a § 1983 claim in federal court that challenges the legality of his conviction. —— U.S. at ——, 114 S.Ct. at 2372. The Court further held that the cause of action under § 1983 does not accrue until the conviction has properly been reversed or made invalid by an authorized state tribunal or by a federal court's issuance of a writ of habeas corpus. *Id.* The Court did not hold that a plaintiff is precluded from raising his § 1983 claim before the state court in conjunction with his mandamus action. Further, in *dicta*, the Court held that "the *res judicata* effect of state-court decisions in § 1983 actions is a matter of state law." *Id*, —— U.S. at —— n. 2, 114 S.Ct. at 2369 n. 2.

This court recognizes, however, that in light of *Heck, supra*, and related cases, there is some doubt as to whether plaintiff could have joined his § 1983 claim with his state mandamus action. As a matter of pleading, it would have been possible to file a separate count in the mandamus action, claiming damages under § 1983 in the event the state court were to grant mandamus based on a violation of plaintiff's constitutional rights. Thus, after plaintiff "demonstrated that his conviction or sentence was invalid," he would then ask the state court to rule that he had a clear legal right to damages in the amount that he suffered as a result of his invalid incarceration. See, *Heck*, —— U.S. at ——, 114 S.Ct. at 2372. The problem with this reasoning, however, is that a plaintiff filing a § 1983 count in a mandamus action attacking

---

1. *Heck v. Humphrey*, —— U.S. ——, ——-——, 114 S.Ct. 2364, 2372–2374, 129 L.Ed.2d 383      (1994).

the validity of his conviction or sentence might well be met with a successful motion to dismiss under the *Heck* rationale.

Even if this court were to conclude that it erred in suggesting in its original opinion that plaintiff could have joined his § 1983 claim with his mandamus action, this does not change the conclusion reached in that opinion that the complaint must be dismissed under the doctrine of *res judicata*. Regardless of plaintiff's ability to file the § 1983 damage action in the mandamus case, he no doubt had the ability, and the duty, to seek damages in that action pursuant to 735 ILCS 5/14–105. The fact that the state court had not yet ruled on the merits of the mandamus action does not nullify the Illinois Mandamus Act's grant to a successful mandamus plaintiff of damages and costs. The Illinois Appellate Court in *Beaver Glass* merely held that the Mandamus Act does not grant the right to damages beyond those to which plaintiff had a "clear legal right." *Beaver Glass,* 59 Ill.App.3d at 885, 17 Ill.Dec. at 381–382, 376 N.E.2d at 380–381.

In *Beaver Glass,* the petition for a writ of mandamus was denied, and thus the legal right to damages was unascertained. *Id.* In the instant case, as in *Wozniak v. County of DuPage,* 845 F.2d 677 (7th Cir.1988), the plaintiff's right to damages was necessarily unascertained at the time the petition for a writ of mandamus was filed. Until the entry of judgment for the plaintiff granting a writ of mandamus, the duration of the deprivation of liberty (as in the instant case), or the deprivation of an excavation permit (as in *Wozniak*), could not be quantified. However, as in *Wozniak,* once the state court found that defendant had violated plaintiff's constitutional rights, plaintiff had an ascertained legal right to damages. Accordingly, plaintiff was not relieved from seeking damages under the Mandamus Act. As in *Wozniak,* failure to do so bars a subsequent § 1983 damages action under the doctrine of *res judicata.* 845 F.2d at 680.

This result may be viewed as harsh, particularly since the mandamus action no doubt arose on an emergency basis that may not have allowed sufficient time for the plaintiff or his counsel to contemplate all of the relief to which plaintiff may have been entitled. However, after the action was filed, and even after the state court ruled in plaintiff's favor, there was time to amend the complaint to seek the damages that are virtually required by the Illinois Mandamus Act. *County Commissioners of Pike County v. People,* 11 Ill. 202 (1849). Failure to seek such damages in the state court unfortunately precludes plaintiff from seeking them in the instant case.

Based on the foregoing, plaintiff's Rule 59(e) motion to vacate the judgment contained in the Court's January 18, 1995, order is denied.