LOCAL 25 S.E.I.U. WELFARE FUND and Local 25 S.E.I.U. & Participating Employers Pension Trust, Plaintiffs–Appellants,

v.

GREAT LAKES MAINTENANCE AND SECURITY CORPORATION, an Illinois Corporation, Defendant–Appellee.

No. 02–1312.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 6, 2002.

Decided Dec. 31, 2002.

Before EASTERBROOK, RIPPLE, and MANION, Circuit Judges.

## ORDER

Union welfare and pension funds appeal the dismissal of their claim for delinquent contributions. Because issue preclusion bars this suit, we affirm.

Plaintiffs are union welfare and pension funds ["the Funds"] that, on March 21, 2000, filed an action against Great Lakes Maintenance and Security Corporation for the recovery of delinquent contributions for the period of August 1999 through February 2000. On February 21, 2001, the parties settled and district judge Ronald A. Guzmán accepted the parties' stipulation to dismiss and dismissed the case with prejudice. The stipulation stated, in relevant part, that the Funds agreed "not to sue and . . . to release and forever discharge Defendant and each of its past, present, and future owners, directors, officers, agents, employees and the predecessors, successors and assigns each of them, from any and all claims that were or could have been asserted in the" original action.

After the dismissal, however, the Funds discovered that Great Lakes had additional contribution delinquencies that occurred before the case was dismissed in February 2001. The Funds then filed a "motion to vacate order of dismissal and to reinstate action," which the district court construed as a motion for relief under Federal Rule of Civil Procedure 60(b)(1). In essence, the Funds sought through this motion that they be allowed to file an amended com-

plaint expanding the period of delinquent contributions from August 1999 through February 2000 to include delinquencies running from April 2000 through December 2000. Rule 60(b)(1) allows a district court to relieve a party from an order of dismissal with prejudice because of, *inter alia,* a "mistake." The Funds argued that their stipulation was predicated on the mistaken belief that Great Lakes had not committed further contribution delinquencies and that they should thus be relieved from the dismissal with prejudice. Judge Guzmán denied relief because he interpreted the parties' stipulation as barring any action for delinquent contributions arising from a period previous to when he had dismissed the original action (February 21, 2001), and because he held that Rule 60(b)(1) provides no succor from a stipulation to dismiss that the Funds entered carelessly, without first checking to see whether Great Lakes had made additional delinquencies. The Funds did not appeal this ruling.

Instead, on August 14, 2001, the Funds filed a new complaint in the Northern District of Illinois, again seeking delinquent contributions for the period of April 2000 through December 2000. The case was assigned to district judge David H. Coar. Judge Coar dismissed the action under Federal Rule of Civil Procedure 12(b)(6)[1] on January 10, 2002, on the ground that *res judicata* barred the action.

When reviewing claims dismissed under Rule 12(b)(6), we ask whether the plaintiffs can prove any set of facts supporting their claims that would entitle them to relief. *Harrell v. Cook,* 169 F.3d 428, 431 (7th Cir.1999). We accept all the well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving parties. *Id.* Our review of the district court's decision to grant a motion to dismiss under Rule 12(b)(6) is *de novo. Id.*

The district court, as stated above, dismissed the complaint under the doctrine of *res judicata.* In a broad sense, the term *res judicata* encompasses the doctrines of both claim preclusion and issue preclusion. *Jones v. City of Alton,* 757 F.2d 878, 884 (7th Cir.1985). Although Judge Coar did not use the terms "claim preclusion" and "issue preclusion," his reasoning seems to cover both theories. Because we hold that issue preclusion applies, we affirm.

Issue preclusion exists when: (1) the issue sought to be precluded is the same as that involved in the previous action; (2) the issue was actually litigated; (3) determination of the issue was essential to the final judgment;[2] and (4) the party against whom issue preclusion is applied was fully represented in the previous action. *Chicago Truck Drivers, Helpers and Warehouse Union (Independent) Pension Fund v. Century Motor Freight, Inc.,* 125 F.3d 526, 530 (7th Cir.1997).

The issue to be precluded is whether the February 2001 dismissal in accordance with the stipulation to dismiss the original case bars the Funds from bringing *any* suit for delinquent contributions arising before February 21, 2001. This is the precise question that Judge Guzmán determined, to the Funds' detriment, when he denied the Rule 60(b)(1) motion. As Judge Coar correctly noted, the Funds

---

**1.** We note that dismissal under Rule 12(b)(6) is appropriate when a defendant raises *res judicata* as an affirmative defense and it is clear from the complaint's face, and matters of which the district court can take judicial notice, that the plaintiff's claims fail as a matter of law. *Conopco, Inc. v. Roll Int'l,* 231 F.3d 82, 86–87 (2d Cir.2000).

**2.** A order of dismissal with prejudice "is a final judgment on the merits." *Phillips v. Shannon,* 445 F.2d 460, 462 (7th Cir.1971).

"had their day in court on this issue before Judge Guzmán," and the present case is nothing more than an attempt to circumvent Judge Guzmán's ruling. We therefore conclude that the issue sought to be precluded in this case is the same as that decided in the previous action before Judge Guzmán.

Regarding the second and fourth elements of issue preclusion, there is no question as to whether this issue was actually litigated and whether the Funds were fully represented in the course of litigating this question. Judge Guzmán's order makes clear that counsel for both sides disputed vigorously the interpretation of the stipulation to dismiss.

We now turn the third element of issue preclusion: whether the determination of the issue was essential to the finality of Judge Guzmán's order dismissing the case with prejudice. As stated above, this matter was before Judge Guzmán on a Rule 60(b)(1) motion. Neither ignorance nor carelessness on the part of a movant or lawyer provide the basis for relief under Rule 60(b)(1). *Bershad v. McDonough*, 469 F.2d 1333, 1337 (7th Cir.1972). Judge Guzmán denied relief because he concluded that the Funds carelessly agreed to a stipulation that effectively released Great Lakes from liability for contribution delinquencies occurring before February 21, 2001, and that such carelessness was not a ground for relief under Rule 60(b)(1). As Judge Guzmán put it, "[t]he cost of an increment of care in waiting to execute the stipulation to dismiss until [the Funds] were sure that [Great Lakes] did not have any outstanding delinquencies was minimal in relation to its expected benefits." As is clear from the preceding analysis, indispensable to Judge Guzmán's rationale for not disturbing the final judgment was his interpretation of the stipulation as precluding the Funds from bringing *any* suit for delinquent contributions arising from before February 21, 2001. We therefore hold that resolving the issue in question was essential to the finality the of judgment and that the third element of issue preclusion is thus satisfied.

Because all four aspects of issue preclusion exist, we affirm the district court's order of dismissal. We note that, if the Funds thought Judge Guzmán erred in interpreting the stipulation as he did, they should have filed a timely appeal of Judge Guzmán's order denying the Rule 60(b)(1) motion. The Funds failed to do so, which means that Judge Guzmán's order is controlling on this dispositive issue.

AFFIRMED.