(a) All inventory of the Borrower, now owned or hereafter acquired;

(b) All contract rights of the Borrower, now existing or hereafter arising;

(c) All accounts receivable of the Borrower, now existing or hereafter arising;

(d) All goods, instruments, documents of title, policies and certificates of insurance, securities, chattel paper, deposits, cash or other property owned by the Borrower or in which it has an interest which are now or may hereafter be in the possession of the Bank or as to which the Bank may now or hereafter control possession by documents of title or otherwise;

(e) Proceeds and products of all of the foregoing; [and]

(f) All machinery and equipment, including machinery and equipment which are or will become fixtures, office supplies, furniture, office and store fixtures, raw materials, work in process, and the proceeds and products of all of the foregoing.

K.R.S. § 355.9–110 provides that any description of property is sufficient "whether or not it is specific if it reasonably identifies what is described." Construing this requirement in a case where the adequacy of the description of collateral was challenged, Chief Judge Charles M. Allen wrote in *American Plating & Mfg. Co. v. Liberty National Bank & Trust Co.*, 468 F.Supp. 103, 105 (W.D.Ky.1979)—

We believe that since the financial statement does accurately describe the type of collateral which the creditor was holding, and since it is obvious from the description set out in the statement that the debtor was an on-going business whose various types of assets were being used as security, this was sufficient to suggest inquiries or means of identification which, if pursued, would disclose the property which was secured. (citation omitted).

In his opinion Judge Allen distinguished *Mammoth Cave P. C. A. v. York, supra,* and a case decided by the district court in which the description of collateral was found to be inadequate. *In Re Anselm,* 344 F.Supp. 544 (W.D.Ky.1972).

We believe *Mammoth Cave P. C. A. v. York* is distinguishable from the present case. Here the borrower was a going business, shown in the security agreement and the recorded financing statement as "Charles O. Cooley, Jr. DBA Cooley's Lawn Service." The listing of collateral, described by categories, included all the usual assets of a going business. It would be contrary to the purpose of the UCC to hold that lawn tending equipment of this borrower was not sufficiently described by the language used in the security agreement.

The judgment of the district court is affirmed.

Gene E. BROWN, Plaintiff-Appellant,

v.

Max GRIMM, Defendant-Appellee.

No. 79–2537.

United States Court of Appeals, Seventh Circuit.

Argued May 1, 1980.

Decided June 11, 1980.

Leroy L. Bianchi, Schaumburg, Ill., for plaintiff-appellant.

Michael W. Rathsack, Chicago, Ill., for defendant-appellee.

Before SWYGERT, PELL and CUDAHY, Circuit Judges.

PER CURIAM.

At issue in this appeal is whether the trial judge in the Northern District of Illinois abused his discretion when he denied the plaintiff's motion to transfer this personal injury action to the Northern District of Indiana. It is not disputed that the district court lacked personal jurisdiction over the defendant, an Indiana resident for whom no contacts with Illinois were alleged. The automobile accident which was the basis for the suit occurred in Indiana. The trial judge dismissed the action for lack of personal jurisdiction over the defendant. We affirm the denial of plaintiff's motion to transfer.

■ Plaintiff-appellant would have us hold that a transfer is all but required wher, as here, refiling and adjudication on the merits is unavailable because of the running of the statute of limitations in the transferee forum. Under 28 U.S.C. § 1404(a), the district judge has broad discretion to decide if the transfer is in the interest of justice. *Federal Deposit Insurance Corp. v. Citizen Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir.), *cert. denied*, 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37 (1979). In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962), the Supreme Court stated only that the interest of justice "*may* require" that the actiion be transferred so as not to penalize the plaintiff, (Emphasis added.) Just as it is within the court's discretion to save ethe plaintiff's claim from defeat because of "time-consuming and justice-defeating technicalities,'" *id.* at 467, 82 S.Ct. at 916 (citation omitted), we hold that it is within his discretion to deny that relief in the instant case.

■ In his complaint, plaintiff asserted absolutely no basis for personal jurisdiction over an Indiana resident, and at oral argument plaintiff's counsel conceded that he had no jurisdictional basis in mind. A blantant disregarded for the elementary principles of *in personam* jurisdiction is different from a mistake as in *Goldlawr*, or a "'time-consuming and justice-defeating technicalit[y].'" *Id.* 467.

Finally, we noted that the defective complaint was filed only two days before the second anniversary of the accident, after which time the action would have been barred by the Illinois statute of limitations. Ill.Rev.Stat. ch. 83, § 15. We also observed that at the time the complaint was filed, the counsel could easily and quickly have traveled by automobile to Indiana and filed the complaint in a court having personal jurisdiction.