**William HAPANIEWSKI, Plaintiff**

v.

**CITY OF CHICAGO HEIGHTS, a Municipal Corporation, et al., Defendants.**

**Civ. No. H87-105.**

United States District Court, N.D. Indiana, Hammond Division.

April 18, 1988.

William P. Hapaniewski, pro se.

Steve H. Tokarski, Schererville, Ind., for plaintiff.

Edward Janski, Chicago, Ill., for defendants.

## ORDER

LOZANO, District Judge.

This matter is before the court on a Motion to Transfer Venue and to Extend Time to Perfect Service of Process, filed by the plaintiff, William Hapaniewski, on September 14, 1987. For the reasons set forth below, the Motion to Transfer Venue and Extend Time to Perfect Service is DENIED and the action is hereby DISMISSED.

### Background

On April 13, 1981, the plaintiff, William P. Hapaniewski (hereafter Hapaniewski) brought suit in Illinois State Court against the defendant, City of Chicago Heights, pursuant to state law and 42 U.S.C. § 1983 for the alleged destruction of real property resulting in a violation of his due process rights under the State and United States Constitution. After the defendant, City of Chicago Heights (hereafter City) filed a Motion to Dismiss, Hapaniewski filed a Second Amended Complaint. Finally, on March 13, 1984, the Illinois court granted the City's Motion to Dismiss all counts of plaintiff's complaint based on a two-year statute of limitations. Subsequently on August 23, 1985, the Appellate Court affirmed the trial court's dismissal of Hapaniewski's action. 147 Ill.App.3d 528, 100 Ill.Dec. 217, 497 N.E.2d 97. Hapaniewski's Petition for Rehearing and Petition for Leave to Appeal to the Illinois Supreme Court were also denied.

However, on February 12, 1987, Hapaniewski filed a complaint in this federal court. The first cause of action appears to be the same four counts that Hapaniewski alleged in his prior state court proceeding which were dismissed by the court as time barred. Additionally, Hapaniewski alleges two other causes of action, one against the trial court judge and the other against the appellate judges. Hapaniewski is seeking damages from the City and declaratory and injunctive relief from the judges pursuant to state law and 42 U.S.C. § 1983 for the alleged deprivation of his constitutional rights. Hapaniewski specifically alleges that the demolition of his building, which was the subject of his prior Illinois state court proceeding, and the defendant Circuit Judge's application of a two-year statute of limitations in the prior proceeding along with the Appellate Court Judges' affirmance of the statute's application, violated his Fifth and Fourteenth Amendment rights.

When the federal complaint was filed, no summonses were issued by the Clerk. Thereafter, plaintiff, in response to a Local Rule 36(b) Dismissal Notice sought an additional 30 days in which to perfect service. However, service of process was not perfected on the defendants in accordance with N.D.Ind. Local Rule 36(b) and plaintiff was given an extension of time by Order dated August 14, 1987, to perfect service of process on or before September 16, 1987. Instead, on September 14, 1987, plaintiff filed the present motion stating venue was improper in this court and requesting a transfer of venue and an additional 30 days in which to perfect service. Hapaniewski

has informed the court that he will be greatly prejudiced if the case is not transferred in that the statute of limitations ran on this action on April 17, 1987.

## Discussion

 Plaintiff concedes that venue in this court is improper because the defendants are either residents or an entity of Illinois and that the claim arose out of litigation that was before the Illinois State Court. Therefore, plaintiff seeks to transfer the case pursuant to 28 U.S.C. § 1406(a) which provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In accordance with federal question jurisdiction, 28 U.S.C. § 1331, venue is proper where all defendants reside or where the claim arose. 28 U.S.C. § 1391(b). In fact, plaintiff alleged in his complaint filed in February, 1987, that "venue as to the defendants is proper in this district pursuant to 1391(b)." (Complaint, ¶ 2) Further, plaintiff alleged the jurisdictional basis for each of the defendants, the City of Chicago Heights and the Circuit and Appellate Court Judges as the State of Illinois. (Complaint, ¶¶ 4–6) Clearly none of the defendants are residents of Indiana, nor does the claim arising out of the Illinois litigation have any connection with the State of Indiana. Even plaintiff at the time the action was commenced was a resident of Illinois. He could have easily filed the action in Illinois.

Accordingly, from the face of the complaint, attorney Hapaniewski, a member of the State Bar of Indiana since May, 1980 and his attorney, Edward Janski, a member of the Illinois Bar since May, 1978, both should have known that venue pursuant to 28 U.S.C. § 1391(b) was improper when the suit was filed, contrary to their assertion it was proper. Plaintiff's revelation on September 14, 1987, that venue was improper because the defendants all reside in Illinois and the action arose in Illinois does not

appear to parallel the type of "mistake" contemplated by the court in *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39, 42 (1962). Rather, the improper filing in Indiana, the failure to effectuate service at least seven months after commencing suit, waiting until after the time the statute of limitations had run, and then seeking transfer and an extension of time to effectuate service in a proper venue, now 11 months after suit was filed, is more like the "elementary mistake" in *Saylor v. Dyniewski*, 836 F.2d 341, 345 (7th Cir.1988); *Cote v. Wadel*, 796 F.2d 981, 984–85 (7th Cir.1986); and *Brown v. Grimm*, 624 F.2d 58, 59 (7th Cir.1980).

In *Cote*, the plaintiff brought suit in Wisconsin against Michigan defendants and the court dismissed plaintiff's action rather than transferring it. The plaintiff had filed the suit in a proper venue but the court had no basis for asserting personal jurisdiction over the defendants. After the statute of limitations ran, plaintiff sought to transfer venue. In support of its dismissal the court stated:

> But the mistake was elementary. Elementary prudence would have indicated to her lawyer that he must file a protective suit in Michigan because there was only a slight probability of obtaining jurisdiction in Wisconsin over the defendants ... We adhere to *Brown* and remind plaintiffs and their counsel that they must determine where the plaintiff can get personal jurisdiction over the defendant before, not after, the statute of limitations runs; otherwise they court disaster.

796 F.2d at 985.

Plaintiff cannot merely assert that defendants will not be prejudiced if their motion to transfer is granted in that defendants will be greatly prejudiced because the statute of limitations has run and defendants have not received notice of the suit commensurate with the time period for filing the complaint. Plaintiff's improper "mistaken" venue and possible attempt to usurp the statute of limitations cannot be tolerated. Therefore, in the interest of justice, the case will not be transferred but

dismissed. Not only has the plaintiff failed to effectuate service of the summons and complaint on the defendants within the applicable time after filing the complaint, but the plaintiff asserts no possible basis for this court's assertion of personal jurisdiction over the defendants. 28 U.S.C. § 1406(a); Fed.R.Civ.Pro. 4(d), 4(j); N.D. Ind. Local Rule 36(b); *Saylor,* 836 F.2d at 345; *Ordower v. Feldman,* 826 F.2d 1569, 1571 (7th Cir.1987); *Cote,* 796 F.2d at 984–85; and *Brown,* 624 F.2d at 59. Further, after review of Hapaniewski's complaint, it is apparent that Hapaniewski's federal complaint is best categorized as frivolous, vexatious and not warranted by existing law. Plaintiff's first cause of action in his federal suit is against the City of Chicago Heights for violations of his state and federal constitutional rights. This same action, instituted in state court in 1981, was found to be time barred by the statute of limitations and subsequently dismissed by the court. Plaintiff is now attempting to re-litigate his claim in federal court against the city for the same alleged injurious actions that was the subject matter of the state proceeding. Therefore, the well established doctrines of full faith and credit and res judicata would bar Hapaniewski's retrial of this issue.

It is well settled that a state court judgment is entitled to the same preclusive effect in a federal court as it would have in the state court rendering it. 28 U.S.C. § 1738; *Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 519, 106 S.Ct. 768, 769–70, 88 L.Ed.2d 877, 880–81 (1986); *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274, 281 (1985) *reh. den.,* 471 U.S. 1062, 105 S.Ct. 2127, 85 L.Ed.2d 491 (1985); *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56, 61–2 (1984); *Pliska v. City of Stevens Point, Wisconsin,* 823 F.2d 1168, 1172 (7th Cir.1987); *Leal v. Krajewski,* 803 F.2d 332, 334 (7th Cir.1986); *Morris v. Spratt,* 768 F.2d 879, 883 (7th Cir.1985); *Jones v. City of Alton, Illinois,* 757 F.2d 878, 883 (7th Cir.1985); and *Vandenplas v. City of Muskego,* 753 F.2d 555, 559 (7th Cir.1985),

*cert. denied,* 472 U.S. 1018, 105 S.Ct. 3481, 87 L.Ed.2d 616 (1985). This rule applies in § 1983 suits not only to issues actually litigated but also to those issues which could have been litigated in the state court proceeding. *Migra,* 465 U.S. at 83–85, 104 S.Ct. at 897, 79 L.Ed.2d at 63–4; *Pliska,* 823 F.2d at 1172; *Torres v. Rebarchak,* 814 F.2d 1219, 1222 (7th Cir.1987); *Leal,* 803 F.2d at 334; *Jones,* 757 F.2d at 883; *Vandenplas,* 753 F.2d at 559; and *Williams v. Duckworth,* 617 F.Supp. 597, 599 (N.D.Ind. 1985). Under 28 U.S.C. § 1738, this court must look to the law of Illinois to determine the preclusive effect of the Illinois state court judgment. *See generally Parsons,* 474 U.S. at 524, 106 S.Ct. at 772, 88 L.Ed.2d at 884; *Pliska,* 823 F.2d at 1172; *Jones,* 757 F.2d at 884; and *Vandenplas,* 753 F.2d at 559.

Under Illinois law, a final judgment is conclusive as to all matters which were determined or could have been raised and litigated. *Torres,* 814 F.2d at 1222; and *Yaw v. Beeghly,* 109 Ill.App.3d 627, 65 Ill. Dec. 211, 214, 440 N.E.2d 1066, 1069 (1982). A party is precluded from relitigating issues in a subsequent proceeding when there is:

(1) an identity of parties or their privies in the two suits;

(2) an identity of causes of action in the earlier and later suit; and

(3) a final judgment on the merits in the earlier suit.

*Torres,* 814 F.2d at 1222.

See also *Secretary of Labor v. Fitzsimmons,* 805 F.2d 682, 688 (7th Cir.1986); *Cannon v. Loyola University of Chicago,* 784 F.2d 777, 780–81 (7th Cir.1986); and *Lee v. City of Peoria,* 685 F.2d 196, 199 (7th Cir.1982).

■ Therefore, the first two elements of res judicata have been met, since there is an identity of parties and causes of action. As to the last element, Illinois courts have held that a dismissal for failure to comply with the statute of limitations operates as a dismissal on the merits. *American National Bank & Trust Co. v. City of Chicago,* 826 F.2d 1547, 1553 (7th Cir.1987); *Cannon,* 784 F.2d at 781; *Sankey Broth-*

*ers, Inc. v. Guilliams*, 152 Ill.App.3d 393, 105 Ill.Dec. 434, 438, 504 N.E.2d 534, 538 (1987); and *Muscare v. Voltz*, 107 Ill.App. 3d 841, 63 Ill.Dec. 689, 690, 438 N.E.2d 626, 627 (1982). As the court stated in *American National Bank*, 826 F.2d 1547:

> When the first suit is dismissed under a statute of limitations, that is the end ... A dismissal under the statute of limitations means: "You came too late, and you did not offer a sufficient reason to excuse the delay." ... the disposition is meant to be conclusive. It does not invite refiling at another time or in another court.

826 F.2d at 1553.

■ Since all the elements of res judicata have been met, the plaintiff is barred from re-litigating his suit in federal court. Further, Hapaniewski's second and third causes of action against the judges must also be barred. To do what Hapaniewski now requests would require this court to review the state court decision. A federal district court, as a court of original jurisdiction, lacks appellate jurisdiction to review, modify or nullify a final order of a state court. *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234, 246 (1970); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 150, 68 L.Ed. 362, 365 (1923); *Lynk v. LaPorte Superior Court No. 2*, 789 F.2d 554, 563 (7th Cir.1986) (a party who fails to raise his federal question in the state court proceeding will be prevented by res judicata from seeking judicial review in a federal court); and *Fair v. Givan*, 509 F.Supp. 1086, 1088–89 (N.D.Ind.1981).

■ Further, both Hapaniewski and Janski as members of their respective bar associations and admitted to practice before their respective State Supreme Courts, Janski since May, 1978 and Hapaniewski since May, 1980, should be aware of Fed.R.Civ. Pro. 11, which states:

> ... [t]he signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ... and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction ...

"The standard for imposing sanctions under Rule 11 is one of objective reasonableness under the circumstances. (citation omitted) 'Under Rule 11 an attorney risks sanctions for failing to make a reasonable inquiry into both the factual and legal basis for the claim he asserts.'" *Magnus Electronics, Inc. v. La Republica Argentina*, 830 F.2d 1396, 1403 (7th Cir.1987) (citing *Brown v. National Bd. of Medical Examiners*, 800 F.2d 168, 171–2 (7th Cir.1986). Not only did Hapaniewski and Janski file their suit in an improper forum, which was obvious from the face of the complaint, but both failed to allege a jurisdictional basis over the Illinois defendants in the Indiana forum. Further, Hapaniewski and Janski did not have summons' issued for service on the defendants, but waited until after the statute of limitations had run to bring a 1406(a) motion to transfer venue. Plaintiff has failed to allege good cause for failure to effectuate service. As to their claims, Counts I, II, III are best characterized as frivolous, vexatious, and not warranted by existing law. Hapaniewski and Janski failed to make a reasonable inquiry into the legal basis of their claims because clearly all three claims are barred under the well established doctrines of full faith and credit and res judicata. *See also Brown*, 800 F.2d at 172 (slip at 12–13). It is therefore this court's duty under these circumstances to impose an appropriate sanction for the Rule 11 violation. *See Frantz v. U.S. Powerlifting Federation*, 836 F.2d 1063, 1064–65 (7th Cir.1987); *Brown v. Federation of State Medical Boards, et al.*, 830 F.2d 1429, 1433 (7th Cir.1987); *Food Service,*

**1016**

*Inc. v. Canteen Corp.*, 823 F.2d 1073, 1082 (7th Cir.1987); *Shrock v. Altru Nurses Registry*, 810 F.2d 658, 661 (7th Cir.1987). The Seventh Circuit has held that a fine is an appropriate sanction for a Rule 11 violation. *Ordower*, 826 F.2d at 1576; *Cheek v. Doe*, 828 F.2d 395, 397 (7th Cir.1987); and *Glick v. Gutbrod*, 782 F.2d 754, 756 n. 3 (7th Cir.1986). Therefore, Attorney Hapaniewski and Attorney Janski are each hereby FINED $1,500.00. Although plaintiff's co-counsel and local counsel in this matter, Steve H. Tokarski, entered his appearance in this matter on August 31, 1987, his signature does not appear on any of plaintiff's documents. However, when a local attorney agrees to appear for counsel not admitted in this court, he should seek to assist outside counsel in the rules, procedures and practices observed in this federal court. Further, local counsel should be aware of any and all matters filed in the action. Tokarski should also be familiar with Fed. R.Civ.Pro. 11 and the ramifications for violations of Rule 11. Any attorney serving as local counsel should not take his position lightly and should appreciate his duty to other counsel and this court before deciding to take on a matter such as this one which is frivolous and not warranted by existing law.

Based on the foregoing, the Motion for Transfer of Venue and an Extension of Time to Perfect Service is DENIED and the action is DISMISSED. Attorneys Hapaniewski and Janski are each ORDERED to remit $1,500.00 to the Clerk of this court within thirty (30) days of receipt of this Order.