**William P. HAPANIEWSKI and Edward Janski, Plaintiffs–Appellants,**

v.

**CITY OF CHICAGO HEIGHTS, a municipal corporation; et al., Defendants–Appellees.**

No. 88–1960.

United States Court of Appeals, Seventh Circuit.

Submitted June 28, 1989.*

Decided Aug. 25, 1989.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Plaintiff-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

Edward L. Janski, Chicago, Ill., Steve H. Tokarski, Schererville, Ind., for plaintiffs-appellants.

Linley E. Pearson, Atty. Gen., Office of the Atty. Gen., Indianapolis, Ind., for defendants-appellees.

Before MANION and KANNE, Circuit Judges, and PELL, Senior Circuit Judge.

PELL, Senior Circuit Judge.

Plaintiffs-appellants William Hapaniewski ("Hapaniewski") and Edward Janski ("Janski") appeal the district court's denial of their motion to transfer venue and extend time to perfect service of process. They also appeal the district court's dismissal of their complaint, entry of sanctions against them pursuant to Fed.R.Civ.P. 11, and denial of their emergency Fed.R.Civ.P. 60(b) motion to reconsider their request to transfer venue and extend time to perfect service.

## I.

On April 13, 1981, Hapaniewski filed suit against the City of Chicago Heights ("City") in Illinois state court, claiming violations under state and federal statutory law (42 U.S.C. § 1983) and under the state and federal constitutions.[1] On City's motion, the Illinois trial court dismissed Hapaniewski's claims as time-barred by a two-year statute of limitations. The Illinois Appellate Court affirmed, and a subsequent petition for rehearing and motion for

---

1. The counts involved alleged demolition and destruction of Hapaniewski's property without due process of law.

leave to appeal to the Illinois Supreme Court were denied.

On February 12, 1987, Hapaniewski filed a complaint in federal district court reciting the same four counts from the state court action but adding two new counts against the judges in the state trial and appellate courts. Although the complaint recited "Northern District of Illinois—Eastern Division" as its heading, the complaint was actually filed in the "Northern District of Indiana—Hammond Division." (Civil No. 87–C–105). In April of 1987, Hapaniewski filed a petition for a writ of certiorari to the United States Supreme Court. On July 28, 1987, the United States District Court for the Northern District of Indiana—Hammond Division issued a Rule 36(b) Notice which indicated that the complaint would be dismissed unless good cause could be shown why service of process had not been made on the defendants within the required 120–day period. *See* N.D.Ind. Local Rule 36(b).

On August 5, 1987, both Hapaniewski and Janski (who are brothers and attorneys) filed responses in the Northern District of Indiana—Hammond Division, asking for an additional thirty days to perfect service of process. Two weeks later, Janski obtained approval to act as counsel until local counsel could be retained. At the granting of this motion, the court directed that Hapaniewski had until September 16, 1987 to perfect service. On September 14, 1987, however, Hapaniewski filed a motion seeking to have the court transfer venue "in the interest of justice" under 28 U.S.C. § 1406(a), and also requesting an additional thirty-day extension to perfect service of process. On October 5, 1987, while the motion to transfer was pending, the United States Supreme Court vacated the Illinois Appellate Court's judgment which had affirmed the dismissal of Hapaniewski's state court case on statute of limitation grounds. *Hapaniewski v. City of Chicago Heights,* 484 U.S. 806, 108 S.Ct. 53, 98 L.Ed.2d 17 (1987) (remanded in light of *Goodman v. Lukens Steel Company,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987)).

On April 17, 1988, the United States District Court for the Northern District of Indiana—Hammond Division filed its judgment denying the motion to transfer venue, dismissing the action, and imposing sanctions on both Hapaniewski and Janski. 684 F.Supp. 1011 (N.D.Ind.1988). The court denied the motion to transfer venue because it found: (1) the plaintiffs easily could have filed their complaint in an Illinois federal district court; (2) the plaintiffs conceded and the court could not disagree that the court could not assert personal jurisdiction in any way over the defendants; (3) the plaintiffs as attorneys should have known that venue was improperly laid; and (4) this error, surfacing seven months after the initial filing of the complaint and five months after the statute of limitations had run, was not the kind of innocent "mistake" found in *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962). The district court also noted that the defendants would "be greatly prejudiced because the statute of limitations ha[d] run and defendants ha[d] not received notice of the suit...."

The court additionally determined that the suit was "frivolous, vexatious and not warranted by existing law...." The court analyzed the three elements required for application of *res judicata. See Torres v. Rebarchak,* 814 F.2d 1219, 1222 (7th Cir. 1987). The court reviewed Illinois case law and concluded that the dismissal by the Illinois state court on statute of limitations grounds "operate[d] as a dismissal on the merits." (citations omitted). The court reasoned that since the prior Illinois state proceeding had preclusively decided all "issues actually litigated" and also "those issues which could have been litigated," and since the state court judgment was a final adjudication of the matter, *res judicata* barred retrial in federal court.

Finally, the district court determined that both Hapaniewski and Janski violated Rule 11 for failing to properly inquire about the legal viability of their claims. The court specifically relied on the "established doctrines of full faith and credit" and *res judicata* in finding a violation of Rule 11 and imposing a $1,500.00 fine on each attor-

ney. The local counsel, Steve H. Tokarski, was not fined because his name did not appear on any document of Hapaniewski's, but was warned by the court to "not take his position lightly...."

## II.

Hapaniewski and Janski filed an emergency motion to reconsider the sanctions order and the denial of the motion to transfer venue, and a motion to stay the order pending appeal. The court denied the request, indicating that *res judicata* was a valid reason for imposing sanctions on the appellants despite the fact that the Supreme Court vacated the state court decision. The district court reasoned that the Supreme Court's action did not affect its decision but noted that pursuing the writ of *certiorari* was the proper method for redressing the state court's decision. The court also cited the appellants' failure to file in the proper forum and failure to allege jurisdiction over the defendants as proper reasons for invoking sanctions. Finally, the district court reviewed its decision to dismiss rather than transfer the case, and determined that that decision would not be disturbed. Hapaniewski and Janski timely appealed the district court's denial of the motion to reconsider pursuant to Fed.R.Civ.P. 60(b), and the prior judgment of the district court.

## III.

Hapaniewski and Janski contend that the district court abused its discretion in rejecting their Fed.R.Civ.P. 60(b) emergency motion to vacate the judgment, stay the order imposing sanctions, and reconsider the motion to transfer venue. The standard for reviewing the denial of a Rule 60(b) motion is well-established. We will overturn such a denial only if the district court abused its discretion. *See In re Wildman*, 859 F.2d 553, 557 (7th Cir.1988) (citing *Browder v. Director, Dep't. of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Mumford v. Bowen*, 814 F.2d 328, 329 (7th Cir.1986)). This is the same standard that this court applies to

review the denial of the motion to transfer venue pursuant to 28 U.S.C. § 1406(a).

■■■ Under 28 U.S.C. § 1406(a), a district court may "transfer a case brought in the wrong division or district if" it is "in the interest of justice" to do so. *Saylor v. Dyniewski*, 836 F.2d 341, 345 (7th Cir. 1988). A district court must dismiss such a suit if it denies the transfer. 28 U.S.C. § 1406(a). However, personal jurisdiction over the defendant is not a prerequisite for district courts to utilize the transfer provision in § 1406(a). *Saylor*, 836 F.2d at 345 (citing *Goldlawr, Inc.*, 369 U.S. 463, 82 S.Ct. 913; *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir.1986)). Nonetheless, our review on appeal of the district court's judgment not to transfer is limited to whether the district court clearly abused its discretion. *Saylor*, 836 F.2d at 345 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 237, 102 S.Ct. 252, 256, 70 L.Ed.2d 419 (1981)); *see also Cote*, 796 F.2d at 985.

■■ In the instant case, Hapaniewski and Janski have not demonstrated that the district court clearly abused its discretion. Collectively, the appellants claim first that they meant to file in Illinois federal court, as evidenced by the heading on the complaint itself, and claim that by some mistake, the document was filed in Indiana. We cannot conclude here that the error in filing was the kind envisioned by the United States Supreme Court in *Goldlawr, Inc.*, 369 U.S. at 467, 82 S.Ct. at 916. Without even questioning their initial intent, the record reveals that Hapaniewski and Janski pursued the federal court action in Indiana despite the fact that two months remained under the statute of limitations for filing in Illinois federal court and despite the fact that they knew that all the parties were residents of Illinois. Hapaniewski and Janski obtained local counsel and sought extensions to attempt to serve process on the defendants. And as the district court noted, it was not until two days before the deadline for effecting service that Hapaniewski and Janski asked to have the action transferred to an Illinois federal court. These actions by the appellants do not reflect a need for a transfer of venue "in the

interest of justice", and hence do not show that the district court abused its discretion.

■ The appellants also urge this court to conclude that the running of the statute of limitations alone mandates a transfer of venue "in the interest of justice" under § 1406(a), and that therefore the district court clearly abused its discretion. We have never concluded that § 1406(a) required transfer in every case. Moreover, this court specifically held in *Saylor*, 836 F.2d at 345, that a dismissal after the statute of limitations had run did not constitute a clear abuse of discretion by the district court. *See also Brown v. Grimm*, 624 F.2d 58, 59 (7th Cir.1980). In sum, we conclude that the district court did not exceed its discretion in denying the motion to transfer venue or in denying the motion to reconsider that decision.

Hapaniewski and Janski also contend that the district court improperly imposed Rule 11 sanctions on them, and erred in denying their motion to vacate or stay that order. The appellants argue that the district court impermissibly relied on the vacated Illinois Appellate Court judgment in finding that *res judicata* barred their claims from review in federal court, and that because of *res judicata*, the action was frivolous and therefore sanctionable.

■ If the district court's order imposing sanctions was the only one before this court, this argument might have merit since that order is couched in terms of *res judicata*. *See Magnus Electronics, Inc. v. La Republica Argentina*, 830 F.2d 1396 (7th Cir.1987). At the time when the district court imposed the sanctions, the Illinois Appellate Court judgment had already been vacated. Thus, there was no final adjudication in a state court proceeding, and the doctrine of *res judicata* was inapplicable to Hapaniewski's claims. *See also Traverso v. Penn*, 874 F.2d 209 (4th Cir. 1989). However, that does not end the matter of whether the district court properly imposed sanctions.

■ Rule 11 allows district courts, on motion of a party or *sua sponte*, to impose sanctions on parties or lawyers for signing legal documents which have either been inadequately researched or are not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11. The precise standard for reviewing appeals of Rule 11 sanctions is unsettled. *See Mars Steel Corp. v. Continental Illinois Nat'l Bank and Trust Co.*, 880 F.2d 928 (7th Cir.1989) (unpublished order) (*en banc* hearing held on June 15, 1989 to determine issue of applicable standard of review).[2] This court has utilized three different standards in reviewing the imposition of sanctions. In *In re Ronco*, 838 F.2d 212, 217 (7th Cir.1988) (cited by *Lebovitz v. Miller*, 856 F.2d 902, 904 (7th Cir.1988)), this court held that "the legal determination that sanctions are proper is reviewable only for an abuse of discretion." For this same determination, this court has approved a *de novo* standard of review. *S.A. Auto Lube, Inc. v. Jiffy Lube Intern., Inc.*, 842 F.2d 946, 948 (7th Cir.1988); *Brown v. Federation of State Medical Boards*, 830 F.2d 1429, 1434 (7th Cir.1987). Finally, we have dubbed the determination "a judgment call," deserving of a strictly deferential review. *See Federal Deposit Insurance Corp. v. Tefken Const. and Installation Co.*, 847 F.2d 440, 442–43 (7th Cir. 1988); *In the Matter of Central Ice Cream Co.*, 836 F.2d 1068, 1072 (7th Cir.1987). We need not decide which standard is an appropriate one in this case since under even the most favorable standard toward the appellants, we still conclude that the district court's decision to impose sanctions under Rule 11 was proper.

The district court discussed its decision to impose sanctions in its order denying the Rule 60(b) motion. There, the district court noted that it had relied on the fact that relitigation in federal court was not the proper method for Hapaniewski to test the state court's proceeding. The district court stated that since the final state court judgment had been vacated, and since the Illi-

---

**2.** Since this opinion went to press, *Mars Steel Corp.* has issued, and the standard of review is now settled in this circuit. 880 F.2d 928 (7th Cir.1989).

nois Appellate Court subsequently remanded the action for further proceedings, Hapaniewski was able to have "his day in court" in the forum he originally chose. As well, it was improper for Hapaniewski and Janski, both attorneys, to persist in the federal litigation while the state action was still in progress at the Supreme Court level. Hapaniewski was bound by his decision to litigate in state court. In addition, the facts surrounding the filing of the complaint and Hapaniewski and Janski's subsequent conduct, *i.e.*, failing to effectuate service of process or to dismiss the action when service could not be had, certainly warranted the district court's action.

In sum, we conclude that the district court did not abuse its discretion when it denied the appellants' motion to reconsider its initial decision to deny transferring venue "in the interest of justice" pursuant to 28 U.S.C. § 1406(a). We also conclude that the district court properly imposed sanctions for Hapaniewski and Janski's persistence in litigating in the plainly improper federal forum.

The judgment of the district court is hereby AFFIRMED.