**George P. LAHM, Jr. and Margaret Lahm, Plaintiffs,**

v.

**John F. WAGNER, Defendant.**

**No. CV 91–0687.**

United States District Court,
E.D. New York.

Oct. 29, 1991.

Purcell, Fritz & Ingrao, P.C. by Thomas M. Martyn, Mineola, N.Y., for plaintiffs.

Neil L. Kanzer, Garden City, N.Y., for defendant.

## ORDER

WEXLER, District Judge.

In the above-referenced action, George P. Lahm, Jr. and Margaret Lahm ("plaintiffs") sue John Wagner ("defendant") for negligence based on an accident which occurred on March 7, 1989. More particularly, on that date defendant, while driving his car in Arlington, Virginia, struck plaintiff George Lahm. Currently before the court is defendant's motion to dismiss for improper venue, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, defendant's motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs, residents of New York State, allege that on March 7, 1989, an automobile owned and operated by defendant struck plaintiff George Lahm. The accident occurred in Arlington, Virginia. According to the papers, defendant, an Air Force officer, was a resident of Maryland at the time of the accident, and apparently maintains a permanent domicile in Kentucky. Apparently, defendant is currently stationed in Alabama. As noted above, defendant currently moves for dismissal or transfer.

## DISCUSSION

Pursuant to 28 U.S.C. § 1406, a district court may cure a defect in venue, in its discretion, by dismissing or transferring the case to a district in which it could have been brought. 28 U.S.C. § 1406(a). Thus, even where plaintiff has improperly attempted to lay venue, the court may cure the defect by a transfer. In the case at bar, venue does not appear to be proper in this district. Although neither party raises the issue, for venue purposes this action is controlled by the Judicial Improvements Act of 1990 (Pub.L. 101–650), which became effective on December 1, 1990.[1]

The Court first notes that, although the complaint at bar does not specifically state the basis for this Court's jurisdiction, it most certainly must be diversity of citizenship. *See* 28 U.S.C. § 1332(a). That being the case, it must be pointed out that:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced.

28 U.S.C. § 1391(a).

In the case at bar, venue is not necessarily proper where *plaintiffs* reside. *See id.* Although venue would be proper in a "district in which the defendants are subject to personal jurisdiction at the time the action is commenced," *see id.*, defendants fourth affirmative defense offered in the answer herein is that "the Court does not have jurisdiction of defendant." *See* Verified Answer at para. 10. Neither party raises the question of this Court's personal jurisdiction over defendant in the current motion. Of course, the Court will presume conclusively neither the existence, nor lack of, personal jurisdiction. However, venue

would clearly be proper in Virginia, where the claim arose. *See* 28 U.S.C. § 1391(a).

Defendant's current motion is for a transfer, based on forum non conveniens, *see* 28 U.S.C. § 1404(a), to the Eastern District of Virginia. However, since venue does not appear to be proper in this district, the convenience of the parties is irrelevant. As noted above, venue would be proper in the Eastern District of Virginia, since that is where the event giving rise to plaintiffs' claims occurred. *See* 28 U.S.C. § 1391(a). Accordingly, invoking its authority under 28 U.S.C. § 1406(a) to serve the interest of justice, this Court orders a transfer of this case to the Eastern District of Virginia. *See e.g., Zumft v. Doney Slate Co.*, 698 F.Supp. 444 (E.D.N.Y.1988).

## CONCLUSION

For the reasons stated above, the Court finds that venue is improper in the case at bar. *See* 28 U.S.C. § 1391(a). However, in the interest of justice, and in an effort to cure defective venue, defendant's motion to dismiss is denied and the Clerk of the Court is directed to transfer this case to the Eastern District of Virginia, pursuant to 28 U.S.C. § 1406(a).

SO ORDERED.

---

1. The case at bar was commenced on or about February 27, 1991.