Sharon HOLMGREN and Geoffrey Grosz, Plaintiffs,

v.

Thomas H. ALLEN, Budget Rent–A–Car, a Foreign Corporation; Budget Rent–A–Car International, Inc., a Foreign Corporation; Budget Rent–A–Car Systems, Inc., a Foreign Corporation; and Auto–Servi, Inc. d/b/a Budget Rent–A–Car of Puerto Rico, Defendants.

No. 94 C 7212.

United States District Court, N.D. Illinois, Eastern Division.

April 13, 1994.

John B. Kincaid, Mirabella & Kincaid, P.C., for plaintiffs.

David Allan Beck, Norton Wasserman, Mary Alice Mazurk, Orner & Wasserman, Ltd., Robert J. Comfort, Thomas J. Koch, Johnson & Bell, Ltd., and Alfred M. Swanson, Jr., Gerald David Zansitis, and Lorna R. Diamond, Jones, Ware & Grenard, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Before the Court are defendants' motions to dismiss for lack of personal jurisdiction and to transfer this action to the District of Puerto Rico. For the reasons stated herein, the action is transferred to the United States District Court for the District of Puerto Rico.

### Facts

On December 4, 1993, plaintiff, Geoffrey Grosz ("Mr. Grosz"), was driving a rental automobile northbound on a highway approximately nine kilometers outside Rio Grande, Puerto Rico. Plaintiff, Sharon Holmgren ("Ms. Holmgren"), was a passenger in the automobile driven by Mr. Grosz. Defendant, Thomas Allen ("Mr. Allen"), was contemporaneously driving a rental automobile southbound on the same highway. Mr. Allen allegedly crossed the center line of the highway and collided with the plaintiffs' vehicle in the northbound lane of traffic. As a result of the collision, the plaintiffs sustained serious head and facial injuries.

On December 2, 1994, the plaintiffs brought this two-count action against Mr. Allen for negligently operating his automobile; and against Budget Rent A Car Corporation, Budget Rent A Car International, Inc., Budget Rent A Car Systems, Inc. (collectively, "Budget"), and Auto Servi, Inc. d/b/a Budget Rent A Car of Puerto Rico ("Auto Servi") for negligently removing seat belts from the plaintiffs' rental vehicle, for failing to warn the plaintiffs that the seat belts had been removed, and for failing to equip the vehicle with substitute safety restraints. On February 2, 1995, Budget filed an answer to the complaint. Mr. Allen moves to dismiss the claim against him for lack of personal jurisdiction pursuant to FED. R.CIV.P. 12(b)(2). Auto Servi moves to transfer the action to the District of Puerto Rico pursuant to FED.R.CIV.P. 12(b)(3) and 28 U.S.C. § 1406(a).

### Analysis

Jurisdiction in this case is based on diversity of citizenship. 28 U.S.C. § 1332. Accordingly, the applicable provision for determining venue is 28 U.S.C. § 1391(a), which provides:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). The parties agree that venue is proper in this judicial district only if a "substantial part of the events or omissions giving rise to the claim occurred" here. 28 U.S.C. § 1391(a)(2). This determination "is a federal question whose answer depends on federal law." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183 n. 15, 99 S.Ct.

2710, 2716 n. 15, 61 L.Ed.2d 464 (1979) (citation omitted).

Before 1990, Section 1391(a) provided for venue "in the judicial district ... in which the claim arose." In 1990, Congress amended Section 1391(a) to substitute the current language in an effort to dispel the perception that a claim could arise in one venue only. *See* Siegel, Commentary on 1990 Revisions of Section 1391, Subdivision (a), Clause (2), 28 U.S.C. § 1391; *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir.1994). Despite the change,

the current statutory language still favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be "substantial." Events or omissions that might only have some tangential connection with the dispute in litigation are not enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute.

*Cottman Transmission Systems, Inc. v. Martino, supra,* 36 F.3d at 294; *see also Bates v. C & S Adjusters, Inc.,* 980 F.2d 865, 867 (2d Cir.1992) ("we understand Congress' 1990 amendment to be at most a marginal expansion of the venue provision").

▪ Auto Servi argues that venue is improper in the Northern District of Illinois because none of the events giving rise to the claim occurred here. Plaintiffs respond that various documents, namely a license agreement between Auto Servi and Budget and an operating manual which Budget makes available to its licensees, establish "a relationship between AUTO SERVI, INC. and BUDGET which involves a substantial part of the events or omissions giving rise to the claim in this case ..." *See* Response, ¶ 6. Although they fail to explain or elaborate, plaintiffs seem to argue that the case is properly venued here because the license agreement was accepted by Budget in Chicago and is governed by Illinois law. *Id.,* p. 3; Ex. A, ¶ 14.09.

The business relationship between Auto Servi and Budget is at best only tangentially connected to this dispute. All of the relevant events giving rise to this claim occurred in

Puerto Rico, including the automobile accident, the consummation of the rental agreement between plaintiffs and Auto Servi, and the defendants' alleged negligence. The fact that the plaintiffs and their treating physicians reside in this judicial district is insufficient to create venue here under 28 U.S.C. § 1391(a). Accordingly, the proper venue for this action is the District of Puerto Rico. *See Dragon v. Wolline,* 856 F.Supp. 456, 457 n. 4 (N.D.Ill.1994); *Lahm v. Wagner,* 776 F.Supp. 114, 115 (E.D.N.Y.1991).

■ "Under 28 U.S.C. § 1406(a), a district court may 'transfer a case brought in the wrong division or district if' it is 'in the interest of justice' to do so." *Hapaniewski v. City of Chicago Heights,* 883 F.2d 576, 579 (7th Cir.1989), *cert. denied,* 493 U.S. 1071, 110 S.Ct. 1116, 107 L.Ed.2d 1023 (1990) (citing *Saylor v. Dyniewski,* 836 F.2d 341, 345 (7th Cir.1988)). A district court must dismiss a suit brought in the wrong district if it denies the transfer. *Id.* (citing 28 U.S.C. § 1406(a)). In the present case, the plaintiffs have expressed their concern that a fragmentation of claims will result if only a portion of the case is transferred to the District of Puerto Rico. *See* Response, ¶ 8. They have also indicated that they would prefer a transfer to dismissal. *Id.,* ¶ 12. To avoid piecemeal litigation and unnecessary duplication of fees and costs, the action is transferred to the United States District Court for the District of Puerto Rico.[1]

---

1. A district court need not have personal jurisdiction over a defendant in order to utilize the transfer provision in Section 1406(a). *Hapaniewski v. City of Chicago Heights, supra,* 883 F.2d at 579 (citations omitted); *Kinney v. Anchorlock Corp.,* 736 F.Supp. 818, 827 n. 7 (N.D.Ill.1990) (citations omitted). Accordingly, I need not reach the question of whether this Court may exercise personal jurisdiction over Mr. Allen.